**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LENNOX WINSTON PINKS,<br><br>                    Petitioner,<br><br>          v.<br><br>C. GIPSON, Warden,<br><br>                    Respondent. | Case No. CV 12-1306 RGK (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

Petitioner contends that he is entitled to equitable tolling because: (1) he did not have access to his "belongings right away upon" being sent to administrative segregation ("Ad-Seg") at Calipatria State Prison; and (2) he was not able to obtain "Priority Legal User" status after he was placed in Ad-Seg. (Obj. at 3-4.) Petitioner alleges that he was sent to Ad-Seg on June 6, 2010, and did not return to

1

1   the general prison population until September 28, 2010.  (*Id.* at 3.)  AEDPA's

2   limitation period expired on June 28, 2010.  (R&R at 4-5.)

3          Initially, even assuming that Petitioner was without his "belongings" for

4   some period of time[1] upon being placed in Ad-Seg, the Court notes that Petitioner

5   waited *over six months* after the expiration of AEDPA's limitation period to file his

6   state habeas petition (December 30, 2010), and then waited *another seven months*

7   after his state habeas petition was denied to file his federal Petition (February 8,

8   2012).  (*See* R&R at 1-5.)  As such, the Court is not persuaded that Petitioner's

9   temporary loss of property was an "extraordinary circumstance" that "*cause[d]* ...

10  his untimeliness."  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also*

11  *Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) (emphasis added) (internal

12  quotation marks and citation omitted).  Nor can the Court find that Petitioner

13  pursued his rights diligently.  *Pace*, 544 U.S. at 418.  Consequently, Petitioner is

14  not entitled to equitable tolling for the temporary loss of his property.

15         For the same reasons, the Court also finds that Petitioner is not entitled to

16  equitable tolling based on his inability to obtain "Priority Legal User" status after

17  being placed in Ad-Seg.  Petitioner alleges that Priority Legal Users can access the

18  prison law library seven days a week.  (Obj. at 4.)  At the time Petitioner was

19  placed in Ad-Seg, he only had 22 days left before AEDPA's limitation period

20  expired.  (*See* Obj. at 3; *see also* R&R at 5.)  Thus, Petitioner is essentially

21  complaining about a 22-day period in which he did not have seven-day-a-week

22  library access.  Given that Petitioner delayed *substantially* longer in filing his state

23  and federal habeas petitions (over 13 months combined), the Court rejects such a

24  claim.  (*See* R&R at 1-5.)

25

26         [1] Petitioner does not allege the specific amount of time that he was without his
27  belongings.  Instead, he vaguely alleges that he did not "receive his belongings right
    away upon arriving to ad-seg, and even after initial review[,] receiving one[']s
28  belongings ... will still take weeks and sometimes over a month."  (Obj. at 4.)

1    In sum, the Court finds that neither the temporary loss of property, nor the

2 inability to obtain Priority Legal User status, was an "extraordinary circumstance"

3 that caused Petitioner to file an untimely Petition. *See Pace*, 544 U.S. at 418.

4 Accordingly, IT IS ORDERED THAT:

5        1.    The Report and Recommendation is approved and accepted;

6        2.    Judgment be entered denying the Petition and dismissing this action

7              with prejudice; and

8        3.    The Clerk serve copies of this Order on the parties.

9    Additionally, for the reasons stated in the Report and Recommendation, the

10 Court finds that Petitioner has not shown that "jurists of reason would find it

11 debatable whether":  (1) "the petition states a valid claim of the denial of a

12 constitutional right"; and (2) "the district court was correct in its procedural

13 ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Thus, the Court

14 declines to issue a certificate of appealability.[2]

15

16



17 DATED: March 28, 2012

18                                            _____

19                                                 HON. R. GARY KLAUSNER
20                                            UNITED STATES DISTRICT JUDGE

21

22    _____

23        [2] In his Objections, Petitioner also requests the appointment of counsel on the
24 grounds that he is indigent and "due to his lack of knowledge towards the law." (Obj.
   at 1, 5.)  Such circumstances do not warrant the appointment of counsel in a federal
25 habeas action – the Request is **DENIED**. *See Chaney v. Lewis*, 801 F.2d 1191, 1196
26 (9th Cir. 1986) ("Indigent state prisoners applying for habeas corpus relief are not
27 entitled to appointed counsel unless the circumstances of a particular case indicate that
   appointed counsel is necessary to prevent due process violations.").
28